ANTON NAMYST v. VALENTINE BATZ.[1]

January 31, 1902.

Nos. 12,858—(199).

**Verdict Sustained by Evidence.**

The evidence in this, a personal injury action, sustains the verdict for the plaintiff.

Action in the district court for Stearns county to recover $3,195 for personal injuries received by plaintiff while in the employ of defendant. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $240.50. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Calhoun & Bennett,* for appellant.

*Theo. Bruener* and *J. D. Sullivan,* for respondent.

[1] Reported in 88 N. W. 991.

START, C. J.

On March 3, 1898, the plaintiff was in the employ of the defendant in his lumber mill in the town of Holding, in the county of Stearns, as a day laborer. While attempting to oil the sawdust carrier boxes in the mill, he stepped upon a plank and was thrown therefrom, and fell into a machine then in operation, whereby four toes of his right foot were cut off. This action was brought to recover the damages sustained by the plaintiff by reason of such injuries, on the ground that the defendant was guilty of negligence in not furnishing him with a reasonably safe place and instrumentalities for the doing of the work which he was required to do. On the trial of the action and at the close of the plaintiff's evidence the defendant requested the court to direct a verdict for him, which was denied, and the case submitted to the jury, who returned a verdict for the plaintiff for the sum of $240.50. No motion was made for a new trial, but the defendant made a motion for judgment notwithstanding the verdict, which was denied, and judgment entered upon the verdict, from which the defendant appealed.

The important question in this case is whether the defendant was entitled to a directed verdict. He claims that he was, because the evidence conclusively shows that the plaintiff at the time of the accident was a mere volunteer, acting wholly outside of the scope of his employment; that it is not sufficient to justify a finding of negligence against the defendant; and that it conclusively establishes contributory negligence on the part of the plaintiff, and that he assumed the risk of the work he was attempting to do.

The evidence relevant to the first and last of the claims was sufficient to take the case to the jury as to them, but whether the evidence is sufficient to sustain a finding in favor of the plaintiff as to the defendant's negligence is a more serious question. There was evidence tending to show that the plank from which the plaintiff fell had been in the mill for some twelve years, and was used as a place from which to oil the boxes until the fall previous to the plaintiff's injury, when a platform was built, which was used for the same purpose. But after this time the boxes were oiled "off and on" from both the plank and platform, and the plank, if securely fastened, was as safe as the platform. And, further, that

when the plaintiff stepped upon the plank it tipped up because it was not securely fastened, and he fell therefrom and was injured. There was, however, no direct evidence as to how long the plank had been loose before the accident. The evidence was practically conclusive that it was securely nailed down when the mill was built about twelve years before the accident, and one witness for the defendant testified that the plank was solid the night before, while the plaintiff testified that the plank was not nailed at the time.

While it seems to us that the weight of the evidence as to the defendant's negligence was in his favor, yet it was not conclusively so. It was a question of fact for the jury whether the plank was loose at the time of the accident, and, if so, whether it became suddenly insecure, or whether the defect must have existed long enough before the accident to have enabled the defendant by the exercise of ordinary care in inspecting the plank to have discovered and remedied the defect, and thereby prevented the accident. We therefore hold that the defendant was not entitled as a matter of law to a directed verdict in his favor, and that the verdict is sustained by the evidence, within the rule as to the sufficiency of the evidence to sustain the finding of the jury.

Exceptions were taken on the trial to the rulings of the court as to the admission of evidence, which are assigned as error. Only two of them merit special mention. The plaintiff was permitted to testify that immediately after the accident he heard some one nailing the plank, and one of the defendant's witnesses testified on cross-examination that the plaintiff stated at the time of the accident that the plank tipped, and threw him off. It is urged that the first statement was incompetent, because it was an attempt to show repairs after the accident, and that the second was the narration of a past transaction. The first was competent as tending to show not subsequent repairs, but what was done at the time of the accident. The second was not a self-serving statement, nor the narration of a past transaction, but a part of the res gestæ, and was competent.

Judgment affirmed.